## UNITED STATES v. SIOUX CITY & ST. P. RY. CO. et al.

(Circuit Court, N. D. Iowa, W. D. June 1, 1891.)

PUBLIC LAND—RAILROAD GRANT—FORFEITURE.

By Act Cong. May 12, 1864, public lands were granted to the state of Iowa to aid in building a railroad from Sioux City to the Minnesota state line, and another from McGregor westward, to the total amount of the alternate odd numbered sections within the limit of 10 miles along each side of the railroad. In a proceeding between the two railroad companies it was held by the supreme court of the United States that where they intersected each other, and the limits overlapped, each company took under the grant half the designated lands. One of the companies failed to earn the lands in the overlapping limits by building its road. *Held,* that such lands reverted to the United States, and were added to the unappropriated public domain, and the other road takes no title thereto under the grant.

In Equity.

Bill in equity by the Sioux City & St. Paul Railway Company and the Chicago, Milwaukee & St. Paul Railway Company and certain settlers upon the land in dispute, to adjust certain land grants and cross-bills by the Chicago, Milwaukee & St. Paul Railway Company and by the settlers.

*W. H. H. Miller,* Atty. Gen., and *E. C. Hughes,* Sp. Asst. Dist. Atty., for the United States.

*John W. Carey,* for Chicago, M. & St. P. Ry. Co.

*W. L. Joy,* for settlers.

SHIRAS, J. The original bill in this cause was filed for the purpose of adjusting the rights of the Sioux City & St. Paul Railway Company under the land-grant act of May 12, 1864. A hearing thereon was had, and the conclusions reached are set forth in the opinion of the court reported in 43 Fed. Rep. 617, to which reference may be made for a more full statement of the facts upon which the decree of the court proceeded. The result of the findings upon the hearing was that the Sioux City & St. Paul Company was not entitled to hold the lands in Dickinson and O'Brien counties in the state of Iowa, which the state of Iowa had refused to convey to that company, for the reason that the company had not built the entire line of railway from Sioux City, Iowa, to the Minnesota state line, which was the object sought to be accomplished by the grant made in the act of congress of May 12, 1864, and that for the portion of the line actually built the company had received more lands than it was legally entitled to under the terms of the grant. Upon the announcement of the conclusion reached in that case, the Chicago, Milwaukee & St. Paul Railway Company obtained leave to appear in the case and file a cross-bill, for the purpose of asserting a claim to the lands in Dickinson and O'Brien counties, based upon the fact that the act of May 12, 1864, contained two grants for railroad purposes, *i. e.,* the one in aid of the line from Sioux City to the Minnesota state line, and the other in aid of the line from McGregor westwardly, on or near the forty-third parallel of north latitude, to the point of intersection with

the first mentioned line, and that the Chicago, Milwaukee & St. Paul Railway Company, acting under the authority of the act of the general assembly of the state of Iowa, approved February 21, 1878, had completed the line running westwardly from McGregor, and had thus become entitled to all the lands granted in aid of that line.   Without going into the facts at length, it is sufficient to say that the Chicago, Milwaukee & St. Paul Railway Company has established its right to all the lands that by the provisions of the act of congress of May 12, 1864, were granted in aid of the construction of the road running westwardly from McGregor; and, furthermore, that it has not in fact received a quantity of lands equal to the total amount of the alternate odd-numbered sections within the limit of 10 miles along the line of railway constructed by it. It follows, therefore, that if the grant made in the act of 1864 in aid of the line from McGregor westward can be made applicable to the lands in dispute in O'Brien and Dickinson counties, then the title of the Chicago, Milwaukee & St. Paul Company would be made out.   What, then, is the true construction of the act of 1864 in this particular?   From the terms of that act it is entirely clear that it was the intent of congress to subserve two distinct purposes in making the grants of land therein provided for,—the one being to secure the building of a line of railway from Sioux City to the Minnesota state line, the other to secure the building of the line westwardly from McGregor.   The act does not purpose to guaranty the number of acres intended to be appropriated to either object, nor does it make a joint grant of the lands for the common purpose of securing the construction of both lines of railway as parts of one system.   Properly construed, it must be held to have been the intent of congress to grant certain lands in aid of the line from Sioux City and certain other lands in aid of the line from McGregor westward.   From the fact that these lines of railway intersect at a point in O'Brien county, a question necessarily arose as to the respective rights of the two companies, which had undertaken to build the lines of railway, in and to the lands situated within the overlapping limits of the grants where they intersected each other.   For the purpose of determining the rights of the parties the Milwaukee Company brought suit against the Sioux City Company, and the case was finally heard before the supreme court of the United States; the opinion rendered being found in 117 U. S. 406, 6 Sup. Ct. Rep. 790.   This opinion, and the decree of partition made in the circuit court in accordance therewith, settled the question of title as between the companies, and, in effect, determined what lands passed under the grant of 1864 to the Sioux City Company, to aid in the building of the line from Sioux City, and to the Milwaukee Company, to aid in the building of the line from McGregor westward.   It is admitted that, under the terms of the decree rendered in that case, the lands now sought to be recovered by the Milwaukee Company were not adjudged to belong to that company, but, on the contrary, were adjudged to belong to the Sioux City Company.   The right of recovery on behalf of the Milwaukee Company in the present case is sought to be based upon the fact that, upon the original bill filed in this cause, it was adjudged that these lands

had reverted to the United States, for the reason that the Sioux City Company had not built the entire line of railway from Sioux City to the Minnesota state line. It was not, however, adjudged that these lands did not form a portion of those which, by the provisions of the act of 1864, were set apart or donated in aid of the construction of the line from Sioux City. As I construe the true effect and meaning of the decision of the supreme court in the partition case reported in 117 U. S. and 6 Sup. Ct. Rep., it decided that the lands in dispute belonged to and form part of the grant made in aid of the line from Sioux City; and the fact that the Sioux City Company has not yet built the entire line, and has forfeited its right to hold the lands, does not make the lands a part of the independent grant in aid of the McGregor line. The act of congress of 1864 did not grant the lands to either of the companies by name. They were granted to the state of Iowa, to aid in the construction of the named lines of railway, and were donated for a purpose, and not for the benefit of a given corporation or individual person. In effect, the grant in aid of the line from McGregor westward was of the alternate odd-numbered sections not otherwise appropriated. The lands granted in aid of the Sioux City line are otherwise appropriated, and hence the grant to the McGregor line is not applicable thereto.

The fact that the Sioux City & St. Paul Company did not build the entire line from Sioux City to the Minnesota line, and did not, therefore, become entitled to claim all the lands donated for the construction of that line, only defeats the claim of that company to these lands. The company has not earned them, and therefore is not entitled to them; but that does not change the purpose for which they were appropriated. It is still within the power of congress to cause these lands to be applied to the purpose of the original grant; that is, to secure the completion of the line from Le Mars to Sioux City. It is admitted that, if that line had been completed within the time named in the act of 1864, these lands would have belonged to the Sioux City Company. The failure of that company to earn them gives the United States the right to reclaim them, but it does not change the ownership, and make them part of the grant in aid of the line from McGregor.

In regard to grants of the nature of those made by the act of 1864, it has been uniformly held by the supreme court that they are *in præsenti*, and that, unless they contain an express declaration to the contrary, they are not applicable to the lands which at the date of the grant are reserved or appropriated to some other purpose, and that they cannot be construed to apply to lands which after the date thereof revert to the United States, and thus are added to the unappropriated public domain. *Railroad Co.* v. *U. S.*, 92 U. S. 733; *Newhall* v. *Sanger*, Id. 761.

Under the facts appearing in this cause, it must be held that the lands in dispute were part of those originally appropriated by the United States to aid in the building of the line from Sioux City. Hence, without any special clause in the grant to that effect, it would nevertheless be held that, by reason of the appropriation to aid in the construction of the Sioux City line, these lands were excepted from the effect of the general

grant in aid of the McGregor line.   The act, however, contains a clause expressly excepting from its operation all lands otherwise reserved or appropriated, and hence it follows that lands appropriated to aid in the construction of the Sioux City line are reserved from the operation of the grant in aid of the McGregor line.   Counsel for the Milwaukee Railway Company has made a very able and ingenious argument, based upon the assumption that the lands were granted by the United States to the state of Iowa; that while the state was a trustee, it also had an interest in the lands, and that the state could, in granting the lands to the railway companies, require of the companies the performance of other duties, in addition to the building of the named lines of railroad, and that the state of Iowa had, by the act of the general assembly, granted all of its interest, right, and title in these lands to the Milwaukee Company.   It may be true that the state, in dealing with the companies proposing to undertake the building of the lines of railway, in aid of which grants of land were made by the United States, might contract with the companies for the doing of other acts than the building of the named line of railway; but the state had not the right or power to change the purpose for which the lands were donated, nor could it defeat the object of the grant by any contract it entered into with the railway company.   The purpose of the grant in aid of the line from Sioux City was to secure the building of that line within the time specified in the act and the state did not have the right to misappropriate the lands, and thereby defeat the object for which the lands were conveyed to the state in trust.   As between the railway companies, the decision of the supreme court and the decree of partition has settled the right to these lands, they being adjudged to belong to the Sioux City Company.   If the United States had not chosen to assert its right to forfeit the lands, they would have remained beyond the reach of the Milwaukee Company.   The ground upon which the United States has succeeded in securing a decree of forfeiture is that the lands were donated in aid of the line from Sioux City, and that the Sioux City & St. Paul Company had failed to build the entire line within the specified time, and therefore the purpose of the donation had not been fulfilled by that company.   The failure of that company, however, to earn these lands cannot be deemed to be the equivalent of a regrant of them in aid of the McGregor line.   Should congress now pass an act declaring that the forfeiture on part of the Sioux City Company was waived, and that the United States would accept the present line as full performance on part of the railway company, and that the Sioux City Company should be held entitled to all the lands it would have earned under the original grant by building the entire line from Sioux City to the Minnesota boundary, could it be possible that the Milwaukee Company could maintain its claim to these lands in face of the decree already entered?   I can see no ground upon which such a proceeding could be successfully maintained.   The difficulty with the claim on behalf of the Milwaukee Company is that that company has not a title or right to these lands, but, in effect, it is striving to sustain its claim by reason of the weakness of the title of the Sioux City Company.   It must be held,

therefore, that the Chicago, Milwaukee & St. Paul Railway Company has failed to show any right, title, or claim to the lands in question, and that its cross-bill must be dismissed upon the merits. A cross-bill has also been filed on behalf of numerous parties who claim to be settlers upon these lands, and on whose behalf it is asserted that these lands have reverted to the United States, and are open to settlement under the laws of the United States, and that the parties in question have established rights therein by entry and settlement thereon. I shall not undertake an examination of the equities of the settlers upon the record as now presented. When the question of the right of the United States to hold these lands against the claims of the railway companies is finally decided, then the question of the rights of the settlers may arise, but I do not think that question is properly presented in this cause. The cross-bill on behalf of the settlers prays a decree against the railway companies only. Should the finding and decree of this court be sustained, it will result in defeating the title and claim of the railway companies to the lands, and the settlers will have no further concern with them. As between the United States and the settlers no issue is presented, and no decree can be entered in behalf of either party. The cross-bill on behalf of the settlers will therefore be dismissed, without prejudice to further proceedings in their behalf. Upon the amended bill filed on behalf of the United States against the Chicago, Milwaukee & St. Paul Railway Company, the complainant is entitled to a decree quieting the title to the lands in question as against that company.